UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ASHER HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-506 PS |
| | ) | |
| DAN MCBRIDE, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On December 7, 2004, *pro se* Petitioner Asher Hill, an inmate at the Maximum Control Facility in Westville, Indiana, filed a Petition pursuant to 28 U.S.C. § 2254.  The Response to the order to show cause filed by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  For the following reasons, Hill's Petition is denied.

**I.  FACTS**

The facts as detailed below come from the Indiana Court of Appeals opinion from the direct appeal in this matter.  *See Hill v. State*, 773 N.E.2d 336 (Ind. Ct. App. 2002).  In summary, on May 9, 2000, a robber entered a liquor store in Indianapolis and shot the cashier.  The robber insisted that a patron open the cash register.  The patron was unable to do so, and therefore unplugged the register and gave it to the robber.  The robber then ordered the patron to the floor.  While on the floor, the patron got a good view of the robber's legs and feet.  The robber then threw the cash register to the ground, kicked it open and took money out.  The robber was described as an African-American male, five feet, eleven inches tall, who was wearing jean

shorts, white tube socks, tennis shoes and a long sleeve, hooded white jacket.  After the robber left the store, the patron got up from the floor and called the police.  The call came in to police dispatch at 9:43 p.m.

Two minutes later at 9:45 p.m., a witness saw a gray Mazda run into a tree approximately one-half mile north of the liquor store that had been robbed.  He then called the police to report the accident.  Before the police could arrive, however, Park Ranger Jerald Knuckles happened upon the scene and saw the Mazda up against the tree with the engine running and the windshield wipers on.  He went up to the car to investigate, but it was empty.  Knuckles opened the car door and saw a gun on the passenger seat, which he recovered.  Money was also found strewn about near and in the car.  Also found abandoned in the area was a beige-colored jacket.

Ballistics tests later confirmed that the gun recovered from the Mazda was the same weapon that was used to shoot the cashier at the liquor store.  Hill's fingerprints were found on the driver's side window of the Mazda, and it was proved that the Mazda belonged to Hill's ex-girlfriend.  There was further evidence linking Hill to the Mazda.  Approximately a month before the robbery, he had been pulled over in that car during a routine traffic stop.

At around 9:45 p.m. on the night of the robbery, Hill knocked on the door of a home in the area of the robbery.  He told the owner of the home that he had just been carjacked, and the homeowner described Hill as out of breath.  Hill was wearing jean shorts, tennis shoes and white socks. Because she thought it unusual that Hill did not report the carjacking to the police, the owner of the home called 9-1-1.  The police arrived on the scene within minutes of the homeowner's call.  Hill had $392 in cash on him mostly in fives and tens.  The police then brought the witness from the liquor store to the location to see if he could identify Hill as the

robber. The witness identified Hill's shoes and jeans as consistent with the clothing that the robber was wearing.

## II.  PROCEDURAL HISTORY

At a trial by jury, Hill was convicted of robbery, criminal confinement and carrying a handgun without a license in May of 2001. *See Hill*, 773 N.E.2d at 340. Because he was found to be a habitual offender, Hill was sentenced to life without parole. *Id.* Hill filed a direct appeal of his conviction, arguing that: (1) his right to a speedy trial was violated; (2) the trial court violated his right to self representation when it granted the state a continuance over his objection; (3) the combined effect of the trial court's rulings denied him complete and freely administered justice under the Indiana Constitution; and (4) his convictions were not supported by sufficient evidence. (Resp. Ex. D.) The Indiana Court of Appeals affirmed Hill's conviction on direct appeal. *See Hill*, 773 N.E.2d at 339. As the opinion issued by the court of appeals did not address certain speedy trial issues raised in Hill's brief, Hill filed a petition for rehearing. The court of appeals granted the petition, but ultimately affirmed Hill's conviction. *See Hill v. State*, 777 N.E.2d 795, 799 (Ind. Ct. App. 2002).

Hill then filed a petition to transfer to the Indiana Supreme Court. In his petition, Hill first argued that the Indiana Court of Appeals erroneously determined that Hill waived any speedy trial objections when he did not renew his objection and move for discharge after the trial court specifically stated that it was granting a continuance over his objection. (Resp. Ex. H at 5.) Hill further argued that the court of appeals erred in holding that Hill's speedy trial and self-representation rights were not prejudiced when the trial court erroneously continued his trial. (*Id.* at 7.) Hill also included a catch-all paragraph, attempting to preserve his other arguments

raised in his direct appeal to the Indiana Court of Appeals. (*Id.* at 9.) The petition to transfer was denied. *See Hill v. State*, 792 N.E.2d 35 (Ind. 2003).

Hill then filed a petition for post conviction relief (PCR), alleging ineffective assistance of both trial and appellate counsel. (Resp. Ex. J at 14, 30, 34.) He also continued to argue that his conviction was not supported by sufficient evidence as well as several other claims not raised on direct appeal. (*Id.* at 34-75.) The Indiana Court of Appeals affirmed the post conviction court's finding that Hill had not demonstrated that either of his counsel was ineffective and held that he had waived the right to raise the freestanding claims. (*Hill v. State*, No. 49A02-0401-PC-82 (Ind. Ct. App. Aug. 30, 2004), Resp. Ex. L.) Hill filed a petition to transfer to the Indiana Supreme Court in September 2004, alleging that the Indiana Court of Appeals erroneously concluded on direct appeal that his counsel had waived Hill's right to a speedy trial. (Resp. Ex. M.) In his amended petition to transfer to the Indiana Supreme Court in October 2004, Hill alleged that the state failed to produce sufficient evidence to support his Class A felony conviction and that his appellate counsel was ineffective for failing to present these evidentiary issues on direct appeal. (Resp. Ex. N.) These petitions to transfer were also denied. *See Hill v. State*, 822 N.E.2d 980 (Ind. 2004); (Pet.'s Am. Traverse, Ex. D [Doc. 38].)

In the Petition before this Court, Hill's claims are (1) that the state failed to produce sufficient evidence of every element of robbery as a Class A felony; (2) that the Indiana Court of Appeals erred when it held that Hill could not personally object to vacating the February 12, 2001 trial date because he was represented by counsel; (3) that the Indiana Court of Appeals erroneously determined that trial counsel was not ineffective; (4) that the Indiana Court of Appeals erroneously determined that appellate counsel was not ineffective; (5) that the Indiana Court of Appeals erroneously determined that Hill waived any speedy trial objections to

postponement of the trial date during the March 16, 2001 pretrial conference; and (6) that the Indiana Court of Appeals erroneously determined that the trial court's postponement of the trial date during the March 16, 2001 pretrial conference did not unduly interfere with Hill's Sixth Amendment right to self representation.

## III.  DISCUSSION

**A.    Petitioner's first, second and fifth claims are barred by procedural default.**

"The procedural default doctrine . . . normally will preclude a federal court from reaching the merits of a habeas claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).  The first type of procedural default prevents a federal court from "review[ing] a question of federal law if it determines that the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003).  Or, in other words, "the independent and adequate state ground doctrine bars federal habeas when a state court has declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement." *Id.* (citations and alterations omitted).

For this doctrine to apply, the last state court ruling on the claim must clearly and plainly state that the judgment rests on a state procedural bar.  *See Harris v. Reed*, 489 U.S. 255, 260-61 (1989).  Furthermore, the procedural rule must be applied in a "'consistent and principled way.'" *Page*, 343 F.3d at 908-09 (citation omitted).   Essentially, the state procedural rule must be firmly established and regularly followed.  *Id.* at 909.  A state decision that rests on a rule

applied infrequently, unexpectedly, or inconsistently may be inadequate grounds for procedural default, as it suggests that the state is discriminating against the federal right asserted. *Id.* (citation omitted).

The procedural default doctrine also precludes federal courts from reaching the merits of a habeas petition if the petitioner did not fairly present his federal claims to the appropriate state courts, and those state courts would now hold the claims procedurally barred. *Perruquet*, 390 F.3d at 514. To fairly present his claims to the state court, the petitioner must articulate both the operative facts and the controlling legal principles on which his federal claim is based. *See id.* at 519. These operative facts and law must appear in the text of the petition and accompanying briefs, as the state court is not required to look to lower court opinions to find the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Perruquet*, 390 F.3d at 521.

This doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that the petitioner must "invok[e] one complete round of the State's established appellate review process." *Id.* This does not mean that the petitioner must necessarily file a state habeas petition after completing his one full round on direct appeal in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349-50 (1989) (noting that "once the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review'") (citation omitted).

Factors to consider in determining if the operative facts and law of a federal claim were fairly presented include: "'(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a

constitutional analysis to similar facts; (3) whether the petitioner framed the claims in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.'" *Perruquet*, 390 F.3d at 519-20 (citations omitted). The petitioner is not required to demonstrate that the state appellate court actually addressed the federal claim; he need only show that the issue was fairly presented in the appropriate petition and briefs. *See Dye v. Hofbauer*, 126 S.Ct. 5, 6-7 (2005).

If a claim has been procedurally defaulted in either way, a federal court is barred from granting relief on a habeas claim "unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or alternatively, he convinces the court that a miscarriage of justice would result if his claim were not entertained on the merits." *Perruquet*, 390 F.3d at 514 (emphasis and citations omitted). Cause is generally "established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Prejudice is generally "established by showing that the violation of the petitioner's federal rights 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis omitted). To show that a denial of a habeas claim will result in a miscarriage of justice, the petitioner must establish "that he is actually innocent of the offense for which he was convicted, *i.e.*, that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

> **1.    Petitioner's first claim is barred because the Petitioner did not fairly present this claim to the state court and because the state court rulings rested on independent and adequate state procedural grounds.**

Hill's first claim asserts that the state failed to prove every element of robbery as a Class A felony. Hill first raised the sufficiency of the evidence in his direct appeal wherein the Indiana Court of Appeals characterized it as follows: "The main thrust of Hill's sufficiency argument is that the evidence must be insufficient to support his convictions because no one ever positively identified him as the person who was at the liquor store on May 9, 2000." *Hill*, 773 N.E.2d at 347. The Court then held that, notwithstanding the lack of eye-witness testimony, there was an abundance of circumstantial evidence upon which the jury could have convicted the defendant. *See id.* at 347-48. His conviction was therefore affirmed. *See id.* at 348. On his direct appeal to the Indiana Supreme Court via a petition to transfer, Hill made only a passing reference to his sufficiency of evidence argument. He merely stated: "Mr. Hill also raised questions regarding the sufficiency of the evidence." (Resp. Ex. H at 9.) Because Hill did not adequately present this issue to the Indiana Supreme Court, Hill has procedurally defaulted on this aspect of his sufficiency of evidence argument and the Court therefore will not entertain this claim. *See Perruquet*, 390 F.3d at 514. He has also failed to show cause for the default and any resulting prejudice, or a miscarriage of justice. *Id.* (citations omitted).

In his appeal from the denial of his post-conviction relief petition, Hill also raised the sufficiency of the evidence argument but with a new twist and only in the most general of ways. In a 75-page petition, the sufficiency argument is raised on page 74 where Hill stated simply that "the state did not present evidence of injury." (*See* Resp. Ex. J at 74.[1]) This was a different

---

[1] In addition to arguing that the circumstantial evidence was not sufficient to prove that the robbery victim suffered a serious bodily injury, Hill raised multiple other free-standing issues not raised in his direct appeal. (*See* Resp. Ex. J at 34-75.)

argument than the one raised on his direct appeal wherein Hill argued that the evidence was insufficient because there was no eye-witness testimony. In essence, Hill was now claiming that the State failed to prove that the victim had been "injured" (he was, in fact, shot), and therefore the evidence was insufficient for this reason. The Indiana Court of Appeals rejected this sufficiency of evidence argument, along with all the free-standing claims, and affirmed Hill's conviction, holding that Hill had waived the right to assert any issues that were available, but not raised, on direct appeal. (*See* Resp. Ex. L at 12-13.) Hill presented the sufficiency of evidence claim to the Indiana Supreme Court in his October 2004 amended petition to transfer, which was denied.[2]

As the last state court to review Hill's sufficiency claim, the decision of the Indiana Court of Appeals was based solely on state post-conviction rules of procedure. As required by *Harris*, the court of appeals clearly expressed that its holding rested on these independent state procedural grounds. *See Harris*, 489 U.S. at 260-61. It is also plain that the Indiana Court of Appeals applied this rule in a principled way because the holding is consistent with established Indiana state law. *See* Ind. P.C. 1 § 1(b) ("This remedy [of post-conviction relief] is not a substitute for a direct appeal from the conviction . . . ."); *Corcoran v. State*, 820 N.E.2d 655, 663 (Ind. 2005) (stating that contentions that constitute free-standing claims of error are not generally available for post-conviction review), *aff'd on reh'g*, 827 N.E.2d 542 (Ind. 2005); *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001) ("If an issue was known and available, but not raised on direct appeal, it is waived.") (citation omitted).

---

[2] According to Pet.'s Amended Traverse [Doc. 38], Ex. D, the Indiana Supreme Court did not grant Hill's motion to amend his petition to transfer to include the sufficiency of evidence argument. Nevertheless, as a precaution, this Court shall still review this claim as if the issue was properly presented to the Indiana Supreme Court.

Because the Indiana Court of Appeals' ruling on this claim was based on the consistent application of clearly expressed state procedural law, it is barred by procedural default unless Hill can demonstrate cause and resulting prejudice, or that denial of the claim will result in a miscarriage of justice. *See Perruquet*, 390 F.3d at 514. Hill has not provided "some type of external impediment" as a reason for the state procedural default, nor has he made any claim that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lewis*, 390 F.3d at 1026 (emphasis and citation omitted). Therefore, Hill has not shown cause for the procedural default or any resulting prejudice. Moreover, there was no fundamental miscarriage of justice in this case. *Id.* (citation omitted). Given the overwhelming evidence of Hill's guilt – his fingerprints on the window of the getaway car, the gun used in the robbery found in that same car, the fact that his clothes matched the robber's, and all the other circumstantial evidence – a reasonable juror would have found him guilty despite the errors Hill attributes to the state court. Accordingly, Hill's first claim is barred by procedural default.[3]

### 2. Petitioner's second claim is barred because Petitioner did not fairly present this claim to the state court.

Hill's second claim asserts that the appellate court erred when it held that because Hill was represented by counsel at the time, he could not personally object when the trial court vacated the February 12, 2001 trial date. Hill properly presented this claim to the Indiana Court of Appeals, where his claim was denied. *See Hill*, 773 N.E.2d at 342. Hill filed a petition to transfer to the Indiana Supreme Court on December 4, 2002, but he made only a general reference to this claim, stating that "Mr. Hill preserves his other arguments raised in his direct

---

[3] Even if this Court were to reach the merits on Hill's first claim, there is plainly sufficient evidence to uphold the guilty verdict.

appeal." (Resp. Ex. H at 9.)   This vague language was not sufficient to alert the Indiana Supreme Court to any sort of federal claim.  Although the claim was addressed in the court of appeals opinion, the Indiana Supreme Court was not required to look any further than Hill's petition and accompanying briefs.  *See Baldwin*, 541 U.S. at 32; *Perruquet*, 390 F.3d at 521. Therefore, the Court finds that Hill's second claim was not fairly presented to the state courts, and that Hill therefore procedurally defaulted on his second claim.  Because Hill has not shown any cause for the default, resulting prejudice, or a miscarriage of justice, this claim is barred from the Court's review.

> **3.     Petitioner's fifth claim is barred because the state court rulings rested on independent and adequate state procedural grounds.**

Hill's fifth claim asserts that the Indiana Court of Appeals erred when it held that Hill waived any speedy trial objections when he failed to renew his objection to postponement of the trial date during the March 16, 2001 pretrial conference.  Essentially, he argues that the court of appeals placed form over substance, as the trial court knew Hill objected to the continuance, and would not have required a licensed attorney to renew his objection.  Hill properly presented this issue on direct appeal, and in his December 4, 2002 petition to transfer.  (*See* Resp. Ex. D at 11; Resp. Ex. H at 5.)  The Indiana Court of Appeals rejected this claim on rehearing, and the Indiana Supreme Court denied transfer.  *Hill*, 777 N.E.2d at 798-99; *Hill*, 792 N.E.2d at 35.

The decision of the Indiana Court of Appeals was grounded solely on Indiana Criminal Procedure Rule 4 – an independent and adequate state procedural ground.  The court concluded that pursuant to Criminal Rule 4, if a trial is postponed, the defendant waives any speedy trial objections unless he objects and moves for discharge.  *Hill*, 777 N.E.2d at 798-99.  Since Hill did not object after the trial was postponed, the court reasoned that he waived any speedy trial objections.  *Id*. at 799.  This holding is consistent with Indiana Criminal Procedure Rule 4

jurisprudence. *See Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999) (holding that under Criminal Rule 4, if a defendant fails to timely object to a new trial date, he acquiesces to the delay); *Sweeney v. State*, 704 N.E.2d 86, 102 (Ind. 1998) (holding that once a trial is set beyond the limits provided in Criminal Rule 4, the defendant must timely object, or he waives his right to a speedy trial) (citation omitted); *Bell v. State*, 622 N.E.2d 450, 454 (Ind. 1993) (holding that a motion for discharge filed prematurely is properly denied pursuant to Criminal Rule 4), *overruled on other grounds by Jaramillo v. State*, 823 N.E.2d 1187, 1190 (Ind. 2005).

Because the Indiana Court of Appeals' ruling on Hill's fifth claim was based on the consistent application of clearly expressed state procedural law, these claims are barred by procedural default unless Hill can demonstrate cause and resulting prejudice, or that denial of these claims will result in a miscarriage of justice. *See Perruquet*, 390 F.3d at 514. Hill has not provided "some type of external impediment" as a reason for the state procedural default, nor has he made any claim that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lewis*, 390 F.3d at 1026 (emphasis and citation omitted). Therefore, Hill has not shown cause for this procedural default or any resulting prejudice. As stated previously, there was also no fundamental miscarriage of justice in this case. Accordingly, Hill's fifth claim is barred by procedural default.

**B.     Hill's Third and Fourth Claims Were Properly Decided.**

Hill's third and fourth claims – ineffective assistance of trial and appellate counsel – were correctly decided by the Indiana Court of Appeals. As provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a petition for habeas corpus based on any claim adjudicated in state court proceedings "unless the adjudication

of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'Contrary to' means that a federal court may grant the writ only if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts." *Woods v. McBride,* 430 F.3d 813, 816 (7th Cir. 2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

In *Strickland v. Washington*, the Supreme Court determined that a party claiming ineffective assistance of counsel must demonstrate that the alleged acts or omissions of counsel were not the product of "reasonable professional judgment." 466 U.S. 668, 690 (1984). This standard is deferential; counsel is presumed to have acted in a reasonable and professional manner. *See id*. In this case, Hill argues that the trial counsel failed to object to the postponement of the February trial date, improperly withdrew Hill's alibi defense, and requested an extension of the omnibus date that allowed the state time to file additional charges against Hill. He claims that these actions constituted ineffective assistance of counsel. To decide this issue, the Indiana Court of Appeals applied the familiar two-part test of *Strickland*. As the court noted, "petitioner must show both deficient performance and resulting prejudice." (Resp. Ex. L at 7-8, citing *Strickland*.) The court explained that "[d]eficient performance is that which falls below an objective standard of reasonableness[,]" and that "[p]rejudice exists when a defendant shows there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Id.* at 8.) The Indiana Court of Appeals then

correctly noted that the reasonable strategic decisions of trial counsel cannot form the basis of an ineffective assistance of counsel claim.  (*Id.* (citing *Azania v. State*, 738 N.E.2d 248, 251 (Ind. 2000)).)  Finally, the court noted that to prove ineffective assistance of counsel because of the failure to object, "a defendant must prove that an objection would have been sustained if made and that he was prejudiced by the failure."  (*Id.* (citing *Wrinkles v. State*, 749 N.E.2d 1179, 1192 (Ind. 2001)).)

Using these standards, the Indiana appeals court held that Hill did not show that any of the claims constituted ineffective assistance of counsel.  First, Hill failed to demonstrate that had his trial counsel objected to the delay in the trial, such an objection would have been sustained.  In fact, the appeals court specifically stated that such an objection would have been overruled.  (*See* Resp. Ex. L at 8.)  The court reasoned that the delay in the trial was granted so Hill's own alibi witness could be located and deposed.  (*Id.*)  Thus, he was not prejudiced by the delay.  (*Id.* at 9.)  Accordingly, the Indiana Court of Appeals determined that Hill's trial counsel was not ineffective regarding this issue.  (*Id.*)  Second, Hill later decided that he would rather have a speedy trial than have more delay in tracking down his alibi witness.  Accordingly, his attorney withdrew the alibi defense.  The court found that Hill cannot then claim that his trial counsel was ineffective on that basis.  (*Id.*)  Finally, Hill's trial counsel requested an extension of the omnibus date as a strategic decision to investigate the possibility of an alibi defense.  The court noted "that even though the extended omnibus date permitted the State to file additional charges, Hill has failed to show that the State would not have otherwise been able to file the additional charges."  (*Id.*)  Therefore, the court found that Hill did not prove deficient performance or resulting prejudice on that claim.  (*Id.* at 9-10.)

Based on the standard presented in *Strickland*, the Indiana Court of Appeals held that Hill received effective assistance of counsel on all his claims. This decision was not contrary to, or an unreasonable application of, federal law. The Indiana Court of Appeals gave the appropriate level of deference to the decisions made by Hill's trial counsel. Therefore, the claim of ineffective assistance of trial counsel does not present an appropriate grounds for habeas relief.

The same goes for Hill's fourth claim – ineffective assistance of appellate counsel.[4] Even if he fairly presented the issue to the Indiana Supreme Court in his petition to transfer, the Indiana Court of Appeals correctly decided the matter anyway. To determine whether appellate counsel's failure to raise certain issues was a product of "reasonable professional judgment," the Indiana Court of Appeals applied a two-part test, examining (1) whether any unraised issues were apparent from the face of the record; and (2) whether the unraised issues were "clearly stronger" than the raised issues. (Resp. Ex. L at 10-11 (citing *Timberlake v. State*, 753 N.E.2d 591, 605-06 (Ind. 2001) and *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).)

Using this test, the court found Hill failed to show that any of his alleged claims of free-standing error were "clearly stronger" than the claims actually raised by Hill's appellate counsel. Accordingly, the Indiana Court of Appeals determined that Hill's appellate counsel was not ineffective, as she exercised reasonable professional judgment in her decision not to present any

---

[4] The State has argued that Hill's claim of ineffective assistance of appellate counsel is procedurally defaulted because he did not fairly present the issue to the Indiana Supreme Court in his petition to transfer from the denial of his post-conviction relief. While it is true that Hill mentioned ineffective assistance of appellate counsel in his petition to transfer, he did not present sufficient facts and law to support the claim. The petition to transfer did not state the claim in any uniquely constitutional terms, or even mention the Sixth Amendment. Nor did Hill cite any federal or state cases. *See Pierson v. O'Leary*, 959 F.2d 1385, 1392-93 (7th Cir. 1992). Nevertheless, because Hill does not prevail on his ineffective assistance of counsel claim, the Court need not decide the procedural default issue. *See Davis v. Vannatta*, 438 F.3d 707, 711 (7th Cir. 2006) ("We need not reach the issue of procedural default, however, since [petitioner's] claim fails on the merits.").

of Hill's freestanding error claims. (*See* Resp. Ex. L at 12.) The court also held that the appellate counsel "ably raised and presented the speedy trial issue[]" and that Hill therefore failed to show that his counsel was ineffective on that basis. (*See id.* at 11.)

Based on the standard presented in *Strickland*, the Indiana Court of Appeals' decision was not contrary to, or an unreasonable application of, federal law. The court acknowledged and applied the "reasonable professional judgment" standard set by the United States Supreme Court, and gave the appropriate level of deference to the decisions made by Hill's appellate counsel. Therefore, Hill's fourth claim also does not present an appropriate ground for habeas relief.

**C.     Petitioner's sixth claim is rejected because the ruling of the Indiana Court of Appeals was not an unreasonable application of clearly established federal law**.

Hill's sixth claim alleges that the trial court's erroneous postponement of Hill's trial date at the March 16, 2001 pretrial conference interfered with Hill's trial strategy and thereby violated his Sixth Amendment right to self representation. The trial was postponed because a key state witness had suffered a heart attack. *See Hill*, 773 N.E.2d at 343. Hill objected to the delay, and agreed to stipulate to the testimony of the absent witness pursuant to Indiana Code § 35-36-7-2. *See id.* at 343-44. The trial court erroneously rejected Hill's offer to stipulate and granted the state's motion for continuance. *See id.* at 344-45. Essentially, Hill now claim that this continuance interfered with his strategy to proceed to trial without the state witness. Hill properly presented this claim to the state courts on direct appeal and in his December 4, 2002 petition to transfer. (*See* Resp. Ex. D at 23; Resp. Ex. H at 7.) The Indiana Court of Appeals ultimately rejected his claim and the Indiana Supreme Court denied transfer. *See Hill*, 773 N.E.2d at 345-46; *Hill*, 792 N.E.2d 35.

The Indiana Court of Appeals' ruling on this issue rested on federal jurisprudence. *See Hill*, 773 N.E.2d at 345-46. As stated previously, the AEDPA prohibits the grant of habeas relief

unless state court adjudication of the federal claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

The Supreme Court has established two core components to the right to self representation: the right to preserve actual control over the case presented to the jury, and the right to have the jury perceive and understand that the defendant is representing himself. *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984). The right to control the case presented to the jury includes the right "to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *Id.* at 174. However, a *pro se* defendant is not entitled to absolute control, and "must generally accept any unsolicited help or hindrance that may come from the judge who chooses to call and question witnesses, [or] from the prosecutor who faithfully exercises his duty to present evidence favorable to the defense . . . ." *Id.* at 177, n.7.

In evaluating Hill's sixth claim, the Indiana Court of Appeals correctly applied the analysis in *McKaskle* to determine that Hill was not deprived of his right to represent himself. While the court recognized that Hill's decision to proceed without the state witness could be considered a tactical decision, it was not central to Hill's defense. *Hill*, 773 N.E.2d at 345. This Court agrees. Hill was still allowed to question witnesses, argue points of law, and to address the court and jury. *Id.* He also was allowed to place his objection to the continuance on the record. *Id.* at 345-46. Yet as noted in *McKaskle*, Hill was also obligated to accept the help of a

judge who felt that the presence of the witness was important.  The fact that the trial court overruled his objection was not in itself a violation of Hill's right to represent himself.  The decision of the Indiana Court of Appeals was not an unreasonable application of federal law, nor was the decision unreasonable in light of the evidence presented.  Therefore, Hill's sixth claim is rejected as an appropriate ground for habeas relief.

## IV.  CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is **DENIED**.  The Motions for Appointment of Counsel [Doc. 18 and Doc. 45] are **DENIED AS MOOT**.  The Motion to Order Respondent to File State Court Record [Doc. 19] is **DENIED AS MOOT**.  The Motion for Partial Summary Judgment [Doc. 20] is **DENIED**.  The Motion to Amend Judgment [Doc. 22] is **DENIED AS MOOT**.  The Motion Objecting to Magistrate Relieving Respondent from Filing State Court Record [Doc. 24] is **DENIED AS MOOT**.  The Motion to Order Clerk to Provide Petitioner With File Marked Copies of Pleadings [Doc. 25] is **DENIED AS MOOT**. The Motion Requesting the Court to Provide Petitioner with File Marked Copies of Pleadings [Doc. 36] is **DENIED AS MOOT.**  The Amended Motion for Partial Summary Judgment [Doc. 39] is **DENIED**.  The Motion to Compel Respondent to Produce Full and Complete State Court Records [Doc. 42] is **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: March 30, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT