UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ASHER HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 2:04-CV-506 PS |
| | ) |
| DAN MCBRIDE, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On April 24, 2006, Mr. Hill filed a Petition for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id*.

Hill's petition raised six challenges to his state court conviction. His first, second, and fifth claims were barred by procedural default. His first claim asserted that the state failed to prove every element of robbery as a Class A felony. The Court ruled that the claim was not fairly presented to the state court, and that the state court rulings rested on independent and adequate state procedural grounds. His second claim asserted that the appellate court erred when it held that, because Hill was represented by counsel at the time, he could not personally object when the trial court vacated the February 12, 2001 trial date. The Court found that this claim was not fairly presented to the state court. His fifth claim asserted that the Indiana Court of Appeals erred when it held that Hill waived any speedy trial objections when he failed to renew his objection to postponement of the trial date during the March 16, 2001 pretrial conference.

The Court found that the state court rulings rested on independent and adequate state procedural grounds.

Hill's third and fourth claims, ineffective assistance of trial and appellate counsel, were denied because they were correctly decided by the Indiana Court of Appeals. The Court found that the state appellate court acknowledged and properly applied the appropriate constitutional standards.

Hill's sixth claim alleged that the trial court's erroneous postponement of his trial date interfered with his trial strategy, thereby violating his Sixth Amendment right to self representation. At the time of the March 16, 2001 pretrial conference, Hill was representing himself. (He had trial counsel initially appointed to him.) During that conference the state moved to continue the trial because a key state witness had suffered a heart attack. Hill objected to the delay and agreed to stipulate to the testimony of the absent witness. The trial court denied Hill's request to stipulate to the testimony and granted the continuance. The Indiana Court of Appeals found this to be an error. *Hill v. State*, 773 N.E.2d 336, 344-45 (Ind. Ct. App. 2002). The court nonetheless held that the error did not deny Hill the right to self-representation. *Id.* at 345. This Court rejected Hill's claim because the ruling of the Indiana Court of Appeals was not an unreasonable application of clearly established federal law.

The Court nevertheless finds that Hill's claim that the trial court's erroneous postponement of his trial date violated his Sixth Amendment right to self representation makes a substantial showing of the denial of a constitutional right or presents questions that are debatable among jurists of reason. *See Miller-El*, 537 U.S. at 327. As mentioned, it was error for the state trial court to reject Hill's offer to stipulate to the testimony of a key state witness and to grant the state's motion for a continuance. Hill's claim that this continuance interfered with his strategy to

2

proceed to trial without the state witness presents an arguable question that is "debatable amongst jurists of reason." *Id.* at 336.

Hill's application for certificate of appealability does not include a separate section arguing that the Court's rejection of his sixth claim was improper. Nevertheless, he peripherally raises the issue when discussing other claims. Moreover, he filed a general Notice of Appeal [Doc. 49 & 53] from this Court's Order entering judgment against Hill. This Notice may constitute as an application for certificate of appealability for the Court – either requiring it to issue a certificate of appealability or state why one should not issue. *See* Fed. R. App. P. 22(b)(1); *see also Meyer v. Smith*, No. 05C0325, 2006 WL 1518951, at *1 (E.D. Wis. May 26, 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). The Court therefore finds that it is proper to issue a certificate of appealability for Hill's sixth claim (violation of his right to self representation).

Accordingly, Hill's Petition for a certificate of appealability [Doc. 51] is hereby **GRANTED** only as to Hill's sixth claim that the trial court's erroneous postponement of his trial date violated Hill's right to self representation. Pursuant to Federal Rule of Appellate Procedure 22(b), the Court directs the clerk to send this certificate to the court of appeals with Hill's petition for a certificate of appealability, the notice of the appeal, and the file of the district court proceedings. Hill's other five claims do not make a substantial showing of the denial of a constitutional right. The Court advises Hill that pursuant to Federal Rule of Appellate Procedure 22(b), he "may request a circuit judge to issue the certificate" for the other five claims.

**SO ORDERED.**

ENTERED: June 26, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT